IN THE UNITED STATES DISTRICT COURT

NORHTERN DISTRICT OF GEORGIA

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
APR 21 2011
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

TIFFANY WELLS,

   Plaintiff,

-vs-

ENHANCED RECOVERY COMPANY, LLC

EXPERIAN INFORMATION SOLUTIONS, INC,

AT&T CORP

   Defendant.

Case No: _____

1:11-CV-1326

## COMPLAINT

## JURISDICTION

Jurisdiction of this court arises under 28 U.S.C. 1331 and pursuant to 15 U.S.C. 1681 et seq, and pursuant to 28 U.S.C. 1367 for pendent state law claims.

This action arises out of Defendant's violations of the Fair Credit Reporting Act., 15 U.S.C. 1681, et seq' ("FCRA") 15 U.S.C. 1692 (g), U.S.C. 1681 C, U.S.C. 1681 b, 15 U.S.C. 1681g, "FDCPA",
Fair Credit Billing Act 15 U.S.C. 1666 a, "FCBA"
Telephone Consumer Protection Act 47U.S.C. 227, "TCPA."

## PARTIES

Plaintiff, Tiffany Wells., is a natural person residing in the State of Georgia, Her physical address is 2728 Sandalwood Circle Locust Grove, Ga. 30248

Defendant Enhanced Recovery Company,LLC does business in Florida and Georgia, and mailing address is 8014 Bayberry Rd. Jacksonville, Fla. 32256. The Registered Agent is Capital Corporate Services ,Inc. and its address is 3675 Crestwood Parkway, Suite350, Duluth, Ga.30096.

Defendant Experian Information Solutions, Inc. is a foreign company and its address is 475 Anton Blvd Costa Mesa, CA 92626. Its registered agent is C T CORPORATION SYSTEM at 1201 Peachtree Street N.E. Atlanta, Ga 30361.

Defendant AT&T CORP is a foreign company. Its registered agent is CT COPORATE SYSTEM 111 Eighth Avenue New York, New York, 10011

## VENUE

Venue is proper in this district because the acts and transactions occurred here, and the Defendants transact business here.

## FACTS

In February 2011, Plaintiff entered into a financial obligation with AT&T. Plaintiff received a statement from AT&T which plaintiff thought to be unreasonable. Plaintiff disputed the debt with AT&,T, waiting on the Phone Company to get back with the plaintiff for the results of the dispute resulted in the obligation being turned over for collection. " 15 U.S.C. 1666a"

In March 2011, Plaintiff began receiving calls from Enhance Recovery Company, LLC concerning this AT&T debt. Herein referred to as "Enhance Recovery". Plaintiff advised Defendant Enhance Recovery of the dispute with AT&T and asked for validation of the debt. Plaintiff was told "YOU KNOW YOU OWN THE MONEY" by the debt collector. Defendant Continued to call Plaintiff's Cell Phone." 47 U.S.C. 227 5(b)1(iii)"

15 U.S.C. 1692 (g) requires a collector to furnish validation of the debt, Which Enhance Recovery Fail to do.

April 2011, Plaintiff obtain and viewed her credit report, Plaintiff noticed a Collection account from AT&T Which was done without the plaintiff's knowledge, the collection was entered while the account was in dispute.

Plaintiff Noticed Enhance Recovery had accessed the Plaintiff's credit report without permission or permissible purpose on February 14, 2011. "15 U.S.C. 1681b (a) 3(A)"

Under U.S.C. 1681 c the consumer reporting agencies shall maintain reasonable procedures designed to avoid violation of section .Providing Defendant Enhance Recovery with access to Plaintiff's credit report is a violation of "15 U.S.C.1681b. "

Plaintiff contends she does not own this debt and has been denied her right to fair billing and deceptive practices of intentionally harm to her credit report.

Plaintiff AT&T denied the plaintiff her right to disputing the accuracy and veracity of the debt. The Defendant has cause defective and abusive information to the Plaintiff's credit report.

15U.S.C. 1666a

Plaintiff contends she has been continuously violated by the affore mentioned companies, First AT&T, denying the plaintiff her right to file a dispute without retaliation.

Defendant, Enhance Recovery's aggressive collection tactics, pulling plaintiff's credit without her permission and permissible other than to locate her.("skip Trace"). Enhance Recovery has subjected the plaintiff to invasion of privacy with malice and willful intent to injure.

Defendant, Experian, Allowing Enhance Recovery to access Plaintiff's credit report without permission or permissible purpose. Experian Permitted Enhance recovery to invade the privacy of the Plaintiff.

As a result of the Defendants activities or lack thereof the Plaintiff has suffered loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment, and defamation of Credit.

The acts and omissions of the Defendants and its representatives, employees and or agents constitute numerous and multiple violations of the FCRA.

All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

Defendants' actions - engaging in a pattern and practice of wrongful and unlawful behavior, i.e. reporting false and inaccurate information - were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

The actions, omissions, misrepresentations, and violations of the FCRA, federal law, and state law by Defendants, regarding the Plaintiff's disputed account, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

### FCRA CLAIMS

Plaintiff incorporates by reference all previous paragraphs.

In the entire course of their actions, Defendant willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

a. By willfully and/or negligently failing to comport with reinvestigation procedures listed by the FCRA

Taking illegal actions against Plaintiffs
b. Refusing to properly update Plaintiffs' accounts;
c. Failing to show the accounts as being "disputed" by Plaintiffs; and
d. Reporting the invalid debt on Plaintiffs' credit reports.

The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless

disregard for Plaintiffs' rights.

As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for a declaratory judgment that their conduct violated the FCRA, and Plaintiffs' actual damages, statutory damages, and punitive damages.

## NEGLIGENT, RECKLESS AND WANTON CONDUCT

Plaintiff incorporates herein by reference paragraphs all previous paragraphs.

Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of the Plaintiff.

As a proximate consequence of the defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs, and any other and further relief deemed appropriate by this Court.

## HARASSMENT

Plaintiffs incorporate by reference all previous paragraphs

Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiffs well being. The Defendant's harassing collection tactics, and/or refusal to assure the accuracy of the information published regarding the Plaintiff, created a hostile environment for Plaintiff.

As a proximate consequence of the Defendant's harassment, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiffs for actual, compensatory, and punitive damages, costs and any other further relief deemed appropriate by this Court.

## INVASION OF PRIVACY

Plaintiffs incorporate by reference all previous paragraphs.

Defendant's conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiff private life, publishes private facts regarding Plaintiffs, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

Defendant's actions were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

As a proximate consequence of the Defendant's' invasion of Plaintiffs privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and the Defendants is liable to Plaintiff for actual, compensatory, and punitive damages, costs and any other and further relief deemed appropriate by this Court.

## DEFAMATION

Plaintiffs incorporate by reference herein all previous paragraphs

Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, namely failing to notate the disputed nature of the account.

Likewise, Defendants published false information about Plaintiff each time Plaintiff's credit report was accessed - which was the result intended by Defendant.

The publications and defamations were done maliciously, without privilege, and with a

willful intent to injure the Plaintiff.

As a proximate consequence of Defendants' false reporting or publishing, Plaintiffs has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and any other and further relief deemed appropriate by this Court.

## INTENTIONAL MISREPRESENTATION

Plaintiffs incorporate by reference all previous paragraphs.

Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiff is a deadbeat and does not dispute the aforementioned accounts.

Defendants intend that those who review the credit reports of the Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the mentioned accounts.

Defendant's intended that the justifiable and reasonable reliance by others would adversely affect the Plaintiff.

As a proximate consequence the Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and any other and further relief deemed appropriate by this Court.

## FDCPA CLAIMS

Plaintiff incorporates by reference all previous paragraphs.

In the entire course of their actions, Defendant willfully and/or negligently violated multiple provisions of the FDCPA in one or more respects.

The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard for the Plaintiffs rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

(a) Actual damages.
(b) Statutory damages
(c) Costs and reasonable fees
(d) Punitive damages
(e) For such other relief as the court may deem just and proper.

Tiffany Wells/Pro Se:
2728 Sandal Wood Circle
Locust Grove, Ga. 30442
Wells. tdrm@gmail.com

_Tiffany Wells_

## DEMAND FOR JURY TRIAL

Please take note that Plaintiff demands trial by jury in this action.

Date: 4/17/11

Signature: _Tiffany Wells_

### VERIFICATION

I, Tiffany Wells, do declare under penalty of perjury as delineated in 28 USC 1746 that the information contained herein is true and correct to the best of my knowledge. Executed this 17th day of April, 2011 in the State of Georgia, City of Locust Grove.

_Tiffany Wells_
Tiffany Wells